IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 4:03CR3134 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **TENTATIVE** |
| | ) | **FINDINGS** |
| JAMES M. CLARK, | ) | |
| | ) | |
| Defendant. | ) | |

I am in receipt of the revised presentence investigation report and addendum in this case and the defendant's unresolved objections.

IT IS ORDERED that:

(1)   The undersigned will consult and follow the Guidelines to the extent permitted and required by United States v. Booker, 125 S. Ct. 738 (2005).  In this regard, the undersigned gives notice that, unless otherwise ordered, he will (a) give the advisory Guidelines substantial weight; (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury; (c) impose upon the government the burden of proof on all Guideline-enhancements; (d) impose upon the defendant the burden of proof on all Guideline-mitigators; (e) depart from the advisory Guidelines, if appropriate, using pre-Booker departure theory; and (f) in cases where a departure using pre-Booker departure theory is not warranted, deviate or vary from the Guidelines only when there is a plainly superior, principled reason which justifies a sentence different than that called for by application of the advisory Guidelines.

(2)   The defendant's objections to the presentence report set forth in the addendum— regarding career offender status, drug quantity, use of 2004 Guidelines Manual, whether the crime of use of a communication device to facilitate a drug transaction is a controlled substance offense for purposes of the career offender

designation, various challenges to the calculation of the criminal history score, and the failure of the presentence report to consider age as a factor warranting departure—will be resolved at sentencing.  The other objections are denied.

(3)     The parties are herewith notified that my tentative findings are that the presentence report is otherwise correct in all respects.

(4)     The defendant's motion (filing 70) to continue the sentencing hearing is denied.  However, the court has added one hour to the hearing schedule to accommodate resolution of these objections.

(5)     If **any** party wishes to challenge these tentative findings, said party shall, as soon as possible, but in any event at least five (5) business days before sentencing, file in the court file and serve upon opposing counsel and the court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and how long such a hearing would take.

(6)     Absent submission of the information required by paragraph 5 of this order, my tentative findings may become final.

(7)     Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

July 5, 2005.                          BY THE COURT:

                                       s/ *Richard G. Kopf*
                                       United States District Judge